**Felix Enrique PACHECO SIERRA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72009.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2012.*

Filed April 23, 2012.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Felix Enrique Pacheco Sierra, Colton, CA, pro se.

Francis William Fraser, I, Esquire, Senior Litigation Counsel, OIL, Jacob Bashyrov, Esquire, Daniel Shieh, Esquire, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

### MEMORANDUM **

Felix Enrique Pacheco Sierra, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA")˙ order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

█ The BIA did not abuse its discretion in denying Pacheco–Sierra's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Pacheco–Sierra did not show prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

█ In the opening brief, Pacheco–Sierra does not challenge the BIA's determination that the motion to reconsider the deni-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

708

al of his cancellation of removal claim was not timely filed. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

Finally, we lack jurisdiction to review Pacheco–Sierra's challenge to the immigration judge's denial of cancellation of removal and his related due process claim, because the petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**